IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

| | |
|---|---|
| KATHERINE A. HOOVER, as the duly appointed Administrator of the Estate of Michael Tomasic, deceased, )<br><br>Plaintiff, )<br><br>v. )<br><br>WEST VIRGINIA REGIONAL JAIL AND CORRECTIONAL FACILITY AUTHORITY, a State statutorily created agency, GEORGE TRENT, Administrator, North Central Regional Jail; ROGER ELDER, Lieutenant, North Central Regional Jail; THOMAS McCRAY, Sergeant, North Central Regional Jail; LISLE ELDER, Correctional Officer II, North Central Regional Jail; WESLEY STEWART, Correctional Officer II, North Central Regional Jail; TIMOTHY "SCOTT" GAIN, Correctional Officer II, North Central Regional Jail; JOHN and JANE DOES 1-10, Unidentified individuals working at the North Central Regional Jail; )<br><br>Defendants. ) | CIVIL ACTION NO.: 1:07-cv-0047-IMK<br><br>JUDGE: IRENE KEELEY<br><br>AMENDED COMPLAINT |

## AMENDED COMPLAINT

### I.   Introduction

1.     Dr. Katherine A. Hoover is the mother and duly appointed administrator of

the estate of Michael Tomasic, who died on October 7, 2005, after being housed at the

North Central Regional Jail (hereinafter "NCRJ"), in Greenwood, Doddridge County,

West Virginia on September 29 and 30, 2005.

1

## II.     Jurisdiction and Venue

2.     Plaintiff brings this action pursuant to the provisions under the Civil Rights Act of 1871, 42 U.S.C. § 1983 and under the United States Constitution and other federal statutes, regulations and/or case law.  Accordingly, the Court has subject matter jurisdiction over this case pursuant to the provisions of 38 U.S.C. § 1331 and 1343.

3.     Plaintiff also brings this action pursuant to the provisions under the West Virginia Constitution and other State statutes, regulations and/or case law, including, but not limited to, West Virginia Code § 55-7-5 for the wrongful death of Michael Tomasic as well as injuries and damages pursuant to West Virginia Code § 55-7-8 sustained by Michael Tomasic at the hands of the Defendants between the time of injury and his death. This Court may exercise jurisdiction over these pendent state law claims pursuant to 28 U.S.C. § 1367.

## III.     Parties

4.     The West Virginia Regional Jail and Correctional Facility Authority ("RJCFA") is a statutorily created State agency located in Kanawha County, West Virginia, and which has duties and powers regarding the administration and oversight of, *inter alia,* the North Central Regional Jail.

5.     Defendant Trent is, and was at all relevant times, Administrator of the North Central Regional Jail in Doddridge County, West Virginia.  Defendant Trent is and was responsible for promulgating policies governing the operation of NCRJ, and the treatment of individuals housed therein providing training to employees of the NCRJ with respect to those policies, supervising the conduct of employees of the NCRJ, ensuring the safety and proper medical treatment of individuals housed therein at the NCRJ, and

ensuring that thorough, complete and impartial investigations into alleged misconduct by employees of NCRJ are conducted and appropriate remedial actions taken.

6.      Defendant Elder is the Lieutenant at the NCRJ, and  is and was responsible for the supervision of employees of the NCRJ, ensuring the safety and proper medical treatment of individuals housed at the NCRJ, and is the chief law enforcement office at the NCRJ.

7.      Defendant McCray was, at all relevant times, a Sergeant at the NCRJ and was responsible for the supervision and command of correctional officers, supervision and command of certain areas of the NCRJ, supervision and control of inmates at the NCRJ, and ensuring the safety and proper medical treatment of inmates at NCRJ.

8.      Defendants Elder, Stewart, Gain and John and Jane Does were, at all times relevant, Correctional Officers or other employees or independent contractors working under color of state law at the NCRJ.  These Defendants were responsible for supervision and command of certain areas of the jail as well as supervision, control and safety of individuals housed in certain areas of the NCRJ.

9.      Each of the Defendants, by virtue of their respective positions bestowed upon them by the State of West Virginia, were, at all relevant times, acting under color of state law.

## IV.    Facts

10.     On the evening of September 29, 2005, the decedent, Michael Tomasic, was arrested and charged with misdemeanor trespassing and transported and booked into the North Central Regional Jail ("NCRJ") in Doddridge County, West Virginia.

11.     According to NCRJ's records, Michael Tomasic was given an intake interview upon arrival at the NCRJ at approximately 11:50 p.m. on September 29, 2005. The intake interviewer's notes and records show that Mr. Tomasic was physically healthy upon arrival at the NCRJ, but was placed upon 30 minute watch by medical personnel and/or other jail personnel.

12.     On September 30, 2005, at approximately 8:25 a.m., less than nine hours after being booked into the NCRJ, Michael was discovered in his cell in an unresponsive condition and obvious acute physical distress.

13.     At approximately 9:21 a.m. that same morning, Michael Tomasic was transported by ambulance from the NCRJ to United Hospital Center ("UHC") in Clarksburg, West Virginia.

14.     Upon arrival at UHC, Michael Tomasic's body temperature was found to be so low as to constitute hypothermia.

15.     Michael Tomasic died on October 7, 2005 without ever regaining full consciousness after leaving NCRJ on September 30, 2005.

16.     Between the time of his first moments inside the NCRJ on September 29, 2005 and his admission to UHC, the Defendants failed to provide adequate medical and/or health care services and/or other services to Michael Tomasic which were required, the failure to provide which was a proximate cause of his injury and death.

17.     Between the time of his first moments inside the NCRJ on September 29, 2005 and his admission to UHC, the Defendants, or one of them, subjected Michael Tomasic to abuse, torture, exposure, and/or failed to supervise persons, whether

4

employees or prisoners or others, who subjected Michael Tomasic to abuse, torture, and/or exposure, which actions were a proximate cause of his injury and death.

18. The Defendants, or one of them, failed to provide legal authority or proof of legal custody or consent to Michael Tomasic's physicians to properly treat Michael Tomasic, which failure was a proximate cause of his injury and death.

19. The Defendants, or one of them, failed or otherwise refused to provide Michael Tomasic's attending physicians and/or other health care providers and/or the Michael Tomasic's parents with complete and accurate information regarding the events occurring at NCRJ during the approximate nine hours between the time he was booked into that facility in a physically fit condition and the time he was found unresponsive in his cell. This failure impeded the ability of Michael Tomasic's physicians to provide him with effective medical care and proximately caused his subsequent death.

20. Upon information and belief, Defendants, or one of them, stood by, watched, acquiesced in, and took no actions to prevent actions alleged herein and such failure to act was a breach of the duties owed to Michael Tomasic and were a proximate cause in Michael Tomasic's death.

21. Upon information and belief, Defendants, or one of them, were deliberately indifferent to Michael Tomasic's injuries and rapidly deteriorating physical condition, all in further breach of the duty owed him, which was a proximate cause of Michael Tomasic's death.

22. In the alternative, if Michael Tomasic, at the time he was booked into the NCRJ was suffering from hypothermia and severe injuries or other pathology to his head, neck, lungs, thorax and abdomen, and such condition or conditions were or should have

been apparent to Defendants, or one of them, such that their failure to act and their indifference to those conditions over the subsequent hours during which he was housed at the NCRJ constituted a breach of duty or duties owed Michael Tomasic by these Defendants and was a proximate cause of Michael Tomasic's death.

23.    Upon information and belief, Defendants, or one of them, knew or should have known prior to Michael Tomasic's incarceration on September 29, 2005 of the incidents of violence committed against individuals housed at the NCRJ and, notwithstanding that, Defendants, or one of them, failed to take any action to prevent the further infliction of violence on inmates at the NCRJ. The failure to take such action, including without limitation the failure to properly supervise, was a direct and proximate cause of the deprivation of Michael Tomasic's civil rights and subsequent death and constitutes a breach of the duties owed to him by Defendants.

24.    The Defendants, or one of them, failed to implement policies and procedures to prevent future and/or abate ongoing violence committed by NCRJ employees against inmates. The failure to implement such proper policies and procedures was a direct and proximate cause of the deprivation of Michael Tomasic's civil rights and his subsequent death.

25.    As a direct and proximate result of the foregoing action and/or inactions of Defendants , or one of them, Michael Tomasic was deprived of the rights, privileges and immunities guaranteed to him by the United States Constitution, federal statutes, regulations and case law, and by the West Virginia Constitution, statutes, regulations and case law, all of which resulted in his wrongful death.

6

26.     All of the above actions were taken in the normal course of the Defendants employment, under color of law, and one or more Defendants acted with willfulness, wantonness, and/or reckless disregard.

## V.     Causes of Action

27.     Paragraphs 1-26 are incorporated and fully set forth here.

28.     The Defendants, or one of them, acting under color of state law, took actions or committed omissions that constitute excessive force, cruel and unusual punishment, and a deprivation of life and liberty without due process of law, thereby violating Michael Tomasic's Constitutional Rights under the United States and West Virginia Constitutions and in contravention of 42 U.S.C. § 1983 and other federal and West Virginia statutes, regulations, and case law. These wrongful actions and/or omissions were the direct and proximate cause of Michael Tomasic's death.

29.     By their actions, the Defendants, or one of them, have committed the torts of assault and battery, negligence, outrage and intentional infliction of emotional distress against Michael Tomasic that resulted in pain and suffering and mental distress prior to his death for which recovery is authorized pursuant to the provisions of West Virginia Code § 55-7-5 and § 55-7-8.

30.     Because one or more of the Defendants undertook the above actions, or some of them, in a manner constituting willfulness, wantonness, and/or reckless disregard, the Plaintiff is entitled to an award of punitive damages to the extent allowed by applicable law.

**WHEREFORE,** Plaintiff prays for the following relief:

Compensatory damages pursuant to law in an amount to be established by the trier of

fact; punitive damages, to the extent that they are available by law and in an amount to be

established by the trier of fact; attorney's fees and costs; prejudgment and post judgment

interest; and any and all such other relief that the Court may deem appropriate.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY**


                              **KATHERINE A. HOOVER,**
                              **as the duly appointed Administrator of**
                              **the Estate of Michael Tomasic, deceased,**
                              **Plaintiff,**


**Dated:  October 4, 2007**            **UNDERWOOD & PROCTOR**


                        **By:**
                              **Anne E. Shaffer, WVSB #5174**
                              **Mark F. Underwood, WVSB #7023**
                              **Counsel for Plaintiff**
                              **KATHERINE HOOVER**
                              **923 Third Avenue**
                              **Huntington, WV 25701**
                              **Telephone: (304) 522-0508**
                              **Facsimile: (304) 399-5449**