## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KATHERINE A. HOOVER, as the**
**duly appointed Administrator of**
**the Estate of Michael Tomasic,**
**deceased,**

     **Plaintiff,**

**vs.**           **Civil Action No. 1:07CV47**
                **(Judge Keeley)**

**GEORGE TRENT, Administrator,**
**North Central Regional Jail, et al,**
        **Defendants.**

## ORDER/OPINION

   This matter is before the undersigned United States Magistrate Judge pursuant to Defendants'

Motion to Compel Plaintiff to Provide Documents in Response to Request for Production of

Documents [Docket Entry 57] and Defendants' Motion to Compel Plaintiff's Answers to Defendants'

Interrogatories 10 through 17 [Docket Entry 60] filed April 7, 2008, and April 17, 2008, respectively;

Plaintiff's Responses to same [Docket Entries 62 and 65] filed April 29, 2008; and Defendants'

Replies in Support [Docket Entries 68 and 69] filed on May 5, 2008. The matter was referred to the

undersigned on April 14, 2008, by United States District Judge Irene M. Keeley.  The Court notes

that during the pendency of these motions, certain supplemental discovery responses have been

served by Plaintiff, the substance of which is unknown to the Court.

   On May 28, 2008, Plaintiff Katherine A. Hoover ("Plaintiff") appeared through counsel Mark

Underwood, and Defendants, George Trent, et al, ("Defendants") appeared through counsel Dustin

Haley for hearing on the motions.

## Background of the Case

   Plaintiff, the duly appointed administrator of the estate of Michael Tomasic, deceased, sued

Defendants by Amended Complaint claiming damages under 42 USC 1983 and other state and

federal statutes for the wrongful death of Michael Tomasic ("Tomasic").  Tomasic was housed in the North Central Regional Jail on September 29 and 30, 2005, pending bond on misdemeanor trespassing charges.  Within nine hours of his incarceration, Tomasic was found unresponsive in his cell.  He was transported to United Hospital Center.  Tomasic died October 7, 2005, without fully regaining consciousness.  Plaintiff contends her deceased son was alternatively: 1) abused by inmates with the knowledge of the jail guards; 2) abused by guards; 3) arrived at the jail with injuries that the jail ignored; 4) ignored and treated with deliberate indifference by the guards; and 5) was sent to the hospital without disclosure by the jail of what injuries he had and how he had received them, all in violation of duties owed him by the jail and its jailers, thereby depriving him of the opportunity to be effectively treated by UHC and proximately resulting in his death.

**Motion to Compel Responses to Interrogatories [Docket Entry 60]**

Defendants first contend Plaintiff filed responses relative to Interrogatories 1-9 but refused to respond to Interrogatories 10-17 because she claimed 1-9 contained subparts that, when counted, exceeded the 25 interrogatories allowed by the rules.  Defendants further contend that each of the so-called subparts was "directly and necessarily related to the basic interrogatory; is a logical extension of the interrogatory and is therefore not a subpart to be counted as a separate interrogatory."

Plaintiff contends in her response dated April 29, 2008, that Interrogatories 1-9 each contain multiple subparts equaling 25 separate interrogatories, that being the maximum allowed by FRCivP 33 absent a court's order allowing more.  Plaintiff asserts that on April 24, 2008, however, agreement was reached whereby Plaintiff would answer Interrogatories 10-16 notwithstanding her prior objections and pursuant to the agreement, served her responses on Counsel for Defendants.  Plaintiff maintains her objection to and refusal to answer Interrogatory 17, additionally claiming an answer "may jeopardize the investigation and safety of individuals involved" in a FBI and DOJ investigation.

Defendants in their reply filed May 5, 2008, contend Plaintiff's supplemental answers to interrogatories 10-16 are inadequate and the objection to interrogatory 17 is inadequate.

**Presumptive Limit of 25 Interrogatories**

F.R.Civ.P. 33(a) provides in pertinent part: "**Availability.** Without leave of court or written stipulation, an party may serve upon any other party written interrogatories, **not exceeding 25 in number including all *discreet* subparts**...." (emphasis added). Generally, the commentators suggest that "the court should decide whether a given question is primary and subsequent questions are secondary to the primary question or whether the subsequent question could stand alone, as a discrete subpart, and is independent of the first question so that it should be counted as a separate question. For purposes of the numerical limitation on interrogatories, once a subpart of an interrogatory introduces a line of inquiry which is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory no matter how it is designated. However, interrogatory subparts are to be counted as one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question. Thus subparts of interrogatories which are simply designed to obtain additional details concerning the general theme presented in the primary interrogatories will not be counted as separate requests." 10A Fed. Proc., L. Ed. §26:537 (April 2008).

Prior to the hearing the Court reviewed Defendants' interrogatories as propounded. The Court concluded from said review that the subparts of Defendants' interrogatories Plaintiff contended were separate interrogatories were "simply designed to obtain additional details concerning the general theme presented in the primary interrogatories" and "were logically or factually subsumed within and necessarily related to the primary question" and therefor were not discreet subparts that should be counted as separate interrogatories.

Accordingly, during the hearing, the Court made the following rulings regarding the Interrogatories:

For reasons apparent to the Court and as stated on the record of the hearing, Plaintiff's objection to the interrogatories on the grounds that they exceed the maximum permitted by the rules is **OVERRULED**.

**Interrogatories, Plaintiff's Objections, and the Sufficiency of Plaintiff's Responses**

Interrogatory 10 requests Plaintiff:

State with specificity how the alleged failure or refusal of Defendants to "provide Michael Tomasic's attending physicians and/or other health care providers and/or Michael Tomasic's parents with complete and accurate information ...impeded the ability of Michael Tomasic's physicians to provide him with effective medical care and proximately caused his subsequent death" as asserted in Paragraph 19 of your amended complaint, and identify all individuals possessing information related to said assertion.

Plaintiff's response does not state or identify what inaccurate information was given to Tomasic's health care providers. It merely says that because inaccurate information concerning how Tomasic received his injuries, how he was allowed to enter into moderate hypothermia, "and all other relevant events as to Michael's treatment at the NCRJ from the time he was incarcerated until his presentation at UHC, Michael's care was compromised." This interrogatory implicitly calls for the Plaintiff to at least:

1) State what information the Jailers had;

2) State what information the Jailers provided;

3) State what information the Jailers failed to provide to Tomasic's attending physicians;

4) State what information the Jailers had that they inaccurately provided to Tomasic's attending physicians; and

5) State how the failure to provide that information or the providing of inaccurate

information impeded the physicians' ability to provide effective care and proximately resulted in his death. In short, how did those failures cause his death?

The Court concludes that Plaintiff's response is inadequate and accordingly **GRANTS** Defendants' Motion to Compel as to Interrogatory 10, and directs Plaintiff to serve a complete response to the Interrogatory on or before June 30, 2008.

Interrogatory 11 requests Plaintiff:

State all facts, acts, omissions and communications you rely on to support your assertion that Defendants "stood by, watched, acquiesced in, and took no actions to prevent allegations alleged herein ..." in Paragraph 20 of your amended complaint, and identify all individuals possessing information related to said assertion.

Plaintiff responds that she will present expert testimony that Tomasic's physical condition included blunt force trauma which could only have been visited upon him by NCRJ personnel and that it is axiomatic that other jail personnel stood by, watched and/or acquiesced. Plaintiff states that discovery is incomplete and she will supplement if and when she receives additional information.

Plaintiff's response does not state:

1) Who did it? Which of the defendants did it?

2) Who, individually or a combination of the defendants, stood by and let it happen?

3) How she knows or who told her "Defendants 'stood by, watched, acquiesced in, and took no actions to prevent allegations alleged herein ....'" For example, she does not provide any communications or identify any communications wherein this information was imparted.

The Court notes that this case has been pending since October 2007, and discovery concludes 2/27/09. Plaintiff has a duty to provide what she has now and supplement with what she receives later, and she may not just hold what she has until she has everything that may be relevant to the claim. The Court therefore **GRANTS** Defendants' Motion to Compel as to Interrogatory 11, and

directs  Plaintiff to serve a complete response to the Interrogatory on or before June 30, 2008.

Interrogatory 12 requests Plaintiff:

State all facts, acts and communications you rely on to support your assertion there were "incidents of violence committed against individuals housed at the NCRJ ..." in paragraph 23 of your amended complaint, and identify all individuals possessing information related to said assertion.

Plaintiff responds that "due to the actions of concealment by the defendants and/or defendants' employees, it is not known whether inmates were also allowed to physically abuse Michael Tomasic."  The response does not clarify:

1)  Does Plaintiff know of any incidents of violence committed against individuals, yes or no?

2)  If yes, where are the facts, acts and communications she relies on to prove it?

3)  If not, say so.

4)  If there was concealment, by whom, when, and what facts, acts, and communications support such a conclusion?

Plaintiff must identify the communications.  For instance, if an inmate or inmate's friend or relative or a guard, guard's spouse or friend, or a visitor to the jail called or wrote her or someone in her behalf and told her of abuse in the jail by inmates and/or guards, she must disclose the name, date, form and content of that communication in order for her answer to begin to be responsive. Further, how does concealment prevent Plaintiff from knowing whether inmates were also allowed to physically abuse Tomasic? Where are the facts, acts and communications which support such a conclusion?

Plaintiff's answer is not responsive to the interrogatory.  The interrogatory seeks information relative to incidents of violence against individuals housed at NCRJ.  It is tied to paragraph 23 of the Amended Complaint which alleges that there were acts of violence against inmates, that the jail failed

to prevent them, and that such failure and the failure to supervise was a cause of the deprivation of Tomasic's civil rights. Plaintiff did not talk of any other incidents of violence against inmates prior to those alleged against her son. Plaintiff must provide the facts and information she now has. She can, and indeed is required to supplement later should she receive further information. The Court **GRANTS** Defendants' Motion to Compel as to Interrogatory 12, and directs Plaintiff to serve a complete response to the Interrogatory on or before June 30, 2008.

Interrogatory 13 requests Plaintiff:

State all facts, acts and communications you rely on to support your assertion defendants "failed to take any action to prevent the further infliction of violence on inmates at the NCRJ..." in Paragraph 23 of your amended complaint, and identify all individuals possessing information related to said assertion.

For the same reasons as stated in the ruling regarding Interrogatory 12, the Court **GRANTS** Defendants' Motion to Compel as to Interrogatory 13, and directs Plaintiff to serve a complete response to the Interrogatory on or before June 30, 2008.

Interrogatory 14 requests:

If Michael Tomasic was taking any prescription medication at the time of his incarceration at the North Central Regional Jail on September 29, 2005, state the name of the medication, the dosage, the name and address of the physician or other health care provider who prescribed said medication, when he began taking said medication and the diaagnosis, condition or reason for which he took said medication.

In response, Plaintiff states she does not know of any medication or medical treatment at or around the time of Tomasic's incarceration. Plaintiff does not object to answering the Interrogatory but continues to assert that she is not aware of any such prescription medication. The Court therefore **DENIES** Defendants' Motion to Compel as to Interrogatory 14, but directs Plaintiff to supplement, as required by the Rules, should she receive information responsive to the Interrogatory.

Interrogatory 15 requests Plaintiff identify the burial site of Michael Tomasic.

In her response, Plaintiff states Tomasic was buried at sea. While admittedly unusual to the

person from the interior of the United States, the Court does not find the answer unresponsive to the precise question that was asked. The Court further does not find the location of Tomasic's burial site relevant. Defendants respond that it is the "chain of custody" of Tomasic's body that they seek; that is, however, not the question asked. The Court therefore **DENIES** Defendants' Motion to Compel as to Interrogatory 15.

Interrogatory 16 requests Plaintiff:

State the names and addresses of all mental health care providers, including psychiatrists, psychologists, counselors or therapists and all health care providers, including physicians, osteopaths, chiropractors or physical therapists who examined, consulted with or treated Michael Tomasic, and the name and address of all health care facilities where Michael Tomasic received treatment, either as an inpatient or as outpatient in the past ten (10) years, the dates of said treatment, examination or consultation and the reason for which Michael Tomasic sought treatment, examination or consultation.

In her response, Plaintiff states she does not know of any medication or medical treatment at or around the time of Tomasic's incarceration. The Court finds Plaintiff's answer is incomplete because it does not respond to the 10-year period listed in the interrogatory but instead limits it to around the time of Tomasic's death. In response, Plaintiff stated she provided records from Sharpe Hospital, and was unaware of any others. The Court notes that Plaintiff is a Medical Doctor, and therefore finds that any treatment she may have provided to her son is relevant and responsive to any discovery requests involving his treatment. In the event Plaintiff has not already done so, she is directed to supplement her responses with any treatment provided by her to her son. Insofar as Plaintiff states she is unaware of any other mental health records. Therefore, Plaintiff is directed, pursuant to the rules, to supplement her response if, and when, additional information is obtained. Defendants' Motion to Compel as to Interrogatory 16 is **DENIED IN PART AND GRANTED IN PART**.

Interrogatory 17 requests Plaintiff:

> Identify each current or former inmate of NCRJ, current or former employee of WVRJ, and current or former employee of Primecare Medical, Inc. with whom you have had conversations regarding the incarcerations of Michael Tomasic or allegations of incidents of excessive fore at NCRJ , and describe each conversation.

In response, Plaintiff states that she cannot provide such information due to the current investigation which is ongoing by the FBI and DOJ. The Court notes there is no document provided by the DOJ or by the FBI stating she could not provide information. In response, Plaintiff, through counsel stated that neither the FBI nor the DOJ will speak with Plaintiff regarding the investigation at this time. Plaintiff also asserts that she would not object to providing a response to the Interrogatory if there were in place a Protective Order entered by the Court prohibiting the information from being obtained by jailers or corrections officers who would have the power to retaliate against any inmates or employees who may have provided such information. Counsel for Defendants has no objection to a protective order, but acknowledges that some of his clients are "jailers" and corrections officers, and he may need to inform them of evidence. The Court finds, nevertheless, that a protective order is appropriate at this time. The parties are therefore directed to provide the Court with an agreed protective order for its entry. The protective order shall limit the information to counsel and counsel's staff, and the "immediate" clients – in Defendants' case, the Insurance Adjuster, the Director of the Regional Jail Authority, In-House Counsel for the Regional Jail Authority, and the Administrator of the North Central Regional Jail, George Trent.

Defendants shall not permit the information in response to Interrogatory 17, to be seen by any others, whether clients or not, without the prior approval of the Court. Once the protective order is entered by the Court, Plaintiff shall have 15 days or until June 30, 2008, whichever is later, within which to file her supplemental response fully and completely responding to Interrogatory No. 17.

Defendants' Motion to Compel as to Interrogatory No. 17 is **GRANTED SUBJECT TO THE ENTRY OF A PROTECTIVE ORDER.**

**Motion to Compel Production of Documents [Docket Entry 57]**

Defendants filed their Motion To Compel Document Production April 7, 2008 [DE 57].

Defendants contend the responses to Requests 1, 3, 5, 7, 8 and 9 are inadequate. Request 1 seeks "[a]ll medical records pertaining to treatment received by Michael Tomasic at United Hospital Center beginning on September 30, 2005, including, but not limited to, all examination notes, ambulance records, reports, summaries, physician's notes, admission notes, discharge summaries, x-ray reports or results, MRI reports or results and laboratory reports or results." Request 3 seeks the same regarding any treatment provided by Ruby Memorial Hospital; Request 5 seeks the same regarding any treatment provided by Pittsburgh Medical Center Presbyterian; Request 7 seeks the same regarding any records from Healthnet Aeromedical Services; Request 8 seeks the same regarding any records from the Doddridge County Emergency Medical Services; and Request 9 seeks the same regarding any records from the Ritchie County Ambulance Authority.

Plaintiff provided a CD of some records responsive to the above Requests, but also stated that "due to a theft at the home of the Plaintiff, some records previously in the possession of the Plaintiff may not be at the present time." Plaintiff filed supplemental responses to the above Requests, but Defendants argue they remain incomplete. Defendants did issue a subpoena to UHC, but were told that "due to the nature of the records," they would not be produced without a Court Order. Defendants stated, however, that they had received records from the Ritchie County EMS, Doddridge County EMS, and "Aeronet."

Upon consideration of all which, the Court finds:

1)      the information sought in the Requests at issue is relevant and material;

2)      the Court is without sufficient factual information with which to make any determination other than the Plaintiff does not possess, control, or have custody of the documents and

records responsive to the request due to an alleged theft of the same from her residence as asserted in her response (F.R.Civ.P. 34(a));

3)  relying on the District Judge's reasoned holding in *Ayers v. Continental Cas. Co.,* 2007 WL 2156553 (NDWV 2007) a Rule 34 production request is not the appropriate way to secure medical records not in the possession, custody or control of the party served, instead, the appropriate procedure is to use the subpoena process outlined under Rule 45;

4)  UHC was not before the Court and had no notice of the hearing in order to exercise its due process rights prior to the entry of any Court Order requiring it to comply with the subpoena issued to it by Defendants; and

5)  Defendants have sufficient time within which to effectively utilize the subpoena process outlined in Rule 45 and seek and notice a hearing on any motion to compel compliance with a subpoena not honored by the entity served.

For docketing purposes, the Court **DENIES** Requests 1, 3, and 5 as mooted by the Court's Order herein, and **DENIES** 7, 8, and 9 as mooted by the Defendants' receipt of documents responsive to those Requests.

Defendants contend the responses to 2, 4 and 6 are improper. Request 2 seeks "a copy of all images, including but not limited to, x-ray films, CT films and MRI films, resulting from testing performed upon Michael Tomasic at United Hospital Center beginning on September 30, 2005." Request 4 seeks the same regarding Ruby Memorial Hospital, and Request 6 seeks the same regarding UPMC Presbyterian.

In response, Plaintiff stated she was "not in possession of all of the actual x-ray's, CT or MRI films, to the extent they are in the possession of the Plaintiff, they may be inspected at the law offices of Underwood & Proctor at any time after March 10, 2008." In Plaintiff's supplemental responses,

she stated there were additional films but they were not reproducible, and therefore Defendant must request them from the health care provider. The Court concludes that Requests 2, 4, and 6 should be denied for the same reasons as given for denying 1,3 and 5. Accordingly, Defendants' motion regarding Requests 2, 4, and 6 is **DENIED** as moot.

Defendants contend the responses to 10 through 16 are improper. Request 10 seeks "all videos or photographs, in any medium whatsoever, including but not limited to autopsy photographs, which were taken of Michael Tomasic after his departure from the North Central Regional Jail on September 30, 2005."

Plaintiff's response states that she sent all photos to the FBI and any copies she had were stolen from her home. In her supplemental response, Plaintiff stated she had knowledge of a video that was taken during the organ harvesting performed at University of Pittsburgh Medical Center which she said she requested and would provide. She further stated that autopsy photos are the property of Cyril Wecht, her expert witness, and "[w]hen and if" she decides to use him at trial she will provide his report and file.

During the hearing, Plaintiff's counsel stipulated to producing material responsive to Request No. 10 if any exists. The material would include photos taken by other entities, family, and friends, if any such exist. Upon consideration of Plaintiff's counsel's stipulation in open court, the Court **DENIES** Defendants' Motion to Compel regarding Request No. 10, as moot. Plaintiff is directed to produce any such material on or before June 30, 2008 in accord with the stipulation. If Plaintiff becomes aware that no such material exists, she is directed to so state, on or before the same date.

Request 11 seeks "a copy of all medical, psychiatric, or other records pertaining to treatment received by Michael Tomasic at any facility, either as an inpatient or outpatient, including but not limited to, all office notes, examination notes, ambulance records, physical therapy notes, reports,

summaries, physician's notes, admission notes, discharge summaries, x-ray reports or results, MRI reports or results and laboratory reports or results from all facilities where Michael Tomasic received treatment for the ten years prior to September 30, 2005."

Plaintiff responded that she was" not in possession of any medical records prior to September 30, 2005." In her supplemental response Plaintiff stated she would attempt to obtain the medical records but would not represent that she was aware of all the providers from whom Tomasic sought treatment. She further stated that she requested the records from Sharpe Hospital and would tender them when received.

Request 12 seeks "all medical, psychiatric, or other records pertaining to treatment received by Michael Tomasic from any health care provider including but not limited to, all office notes, examination notes, ambulance records, physical therapy notes, reports, summaries, physician's notes, admission notes, discharge summaries, x-ray reports or results, MRI reports or results and laboratory reports or results from all health care providers who provided treatment to Michael Tomasic for the ten years prior to September 30, 2005."

Plaintiff again responded that she was "not in possession of any medical records prior to September 30, 2005." In her supplemental response Plaintiff stated that she would attempt to obtain any such medical records but would not represent that she was aware of all the providers from whom Tomasic sought treatment. She added that she had requested the records from Sharpe Hospital and would tender them when received.

Request 13 seeks "[i]f prior to September 30, 2005, Michael Tomasic had been treated for a head injury of any kind or nature whatsoever, provide a copy of all medical, psychiatric, or other records pertaining to treatment received by Michael Tomasic from any health care provider pertaining to treatment received by Michael Tomasic for a head injury, including but not limited to, all office

notes, examination notes, ambulance records, physical therapy notes, reports, summaries, physician's notes, admission notes, discharge summaries, x-ray reports or results, MRI reports or results and laboratory reports or results."

Plaintiff responded that she was "not in possession of any medical records prior to September 30, 2005." In her supplemental response, Plaintiff states she "is unaware of the existence of any such records."

Request 14 seeks "[i]f prior to September 30, 2005, Michael Tomasic ever received treatment at any facility either as an inpatient or as an outpatient, for a head injury of any kind or nature whatsoever, provide a copy of all medical, psychiatric, or other records pertaining to treatment received by Michael Tomasic for a head injury, including, all office notes, examination notes, ambulance records, physical therapy notes, reports, summaries, physician's notes, admission notes, discharge summaries, x-ray reports or results, MRI reports or results and laboratory reports or results."

Plaintiff responded that she was "not in possession of any medical records prior to September 30, 2005." In her supplemental response, Plaintiff states she "is unaware of the existence of any such records."

Request 15 seeks "[a]ll pharmacy records from any pharmacy where Michael Tomasic obtained prescription medication for the ten years prior to September 30, 2005."

Plaintiff responded that she was "not in possession of any medical records prior to September 30, 2005." In her supplemental response Plaintiff says she will try to get the pharmacy records and upon receipt would supplement her response, but would not represent that she was aware of all the pharmacies from which Tomasic obtained medication.

Request 16 seeks "[i]f Michael Tomasic ever received treatment, either as an inpatient or as

an outpatient, for any type of substance abuse or addiction, including but not limited to addiction to pain medication, narcotics or alcohol, provide a copy of all records, including but not limited to, all office notes, examination notes, reports, summaries, physician's notes, therapists notes, admission notes, discharge summaries and laboratory reports relating to such treatment."

Plaintiff responded that she was "not in possession of any medical records prior to September 30, 2005." In her supplemental response, Plaintiff states she "is unaware of the existence of any such records."

Regarding Requests 11, 12, 13, 14, 15, and 16, Plaintiff is directed to produce any information she receives that is responsive to the Requests, within thirty (30) days of receipt of such information, except to the extent that allowing for thirty (30) days would cause the information to be produced outside of the time limits for discovery. In such a case, the information shall be produced as soon after receipt as possible. Should Defendants believe the responses are still inadequate or wish to seek further information, they may subpoena the providers and seek a Court order to force compliance with the subpoena where necessary. For docketing purposes, Defendants' Motion to Compel regarding Requests 11 through 16 is **DENIED** as moot.

Defendants contend Plaintiff's response to Request 18 is improper because Plaintiff has custody of the records but has not produced them. Request 18 seeks "a copy of the federal income tax returns, including all attachments, exhibits and schedules, for the years 2000 through 2005 for Michael Tomasic."

Plaintiff responded that she was not in the possession of any such records. In her supplemental response, she stated that she has requested the records and would supplement her response when she obtained them. At the hearing, Plaintiff, through counsel, stipulated to producing

the records within thirty (30) days of receiving them. Defendants' Motion to Compel regarding Request 18 is therefore **DENIED** as mooted by the stipulation.

Defendants contend Plaintiff's responses to Requests 23 and 24 are improper because Plaintiff objected without defining the privilege claimed or providing a privilege log in accord with the rules. Request 23 seeks "a copy of all documents, including, but not limited to correspondence, memoranda, photographs and reports, provided by you or by John Tomasic to Cyril Wecht, M.D."

Request 24 seeks "a copy of all documents or other tangible things, including, but not limited to correspondence, memoranda, photographs and reports, provided by Cyril Wecht, M.D. to you or John Tomasic."

Plaintiff objected to both Requests, stating they are protected under FRCivP 26(b)(4) and will not be produced without a court order because it has not been yet determined whether Wecht will be used as an expert at trial and no showing of exceptional circumstances has been shown.

Upon consideration of all which, the Court **DENIES** without prejudice Defendants' Motion to Compel regarding Requests 23 and 24, as mooted by the Court's Scheduling Order requiring expert discovery and by the Court's previous ruling pursuant to the parties' agreement to provide any video and photographs, should they exist.

Defendants contend Plaintiff's responses to Requests 25, 26, 27 and 28 are improper because Plaintiff did not seek and provide copies from the sources. In addition, Defendants contend Plaintiff's responses to Requests 29, 30, 31, and 32 are improper because she does not state whether or not such documents even exist.

Request 25 seeks "a copy of all documents or other tangible things, including, but not limited to correspondence, memoranda, photographs and reports, provided by you or from John Tomasic to

any agent, employee or representative of the Federal Bureau of Investigation which relate in any manner to Michael Tomasic or to the North Central Regional Jail."

Request 26 seeks "a copy of all documents or other tangible things, including, but not limited to correspondence, memoranda, photographs and reports, provided by any agent, employee or representative of the FBI to you or to John Tomasic which relate in any mannor to Michael Tomasic or to the North Central Regional Jail."

Request 27 seeks "a copy of all documents or other tangible things, including, but not limited to correspondence, memoranda, photographs and reports, provided by you or John Tomasic to Senator Robert Byrd, Senator John D. Rockefeller, any member of Senator Byrd's staff or any member of Senator Rockefeller's staff which relate in any manner to Michael Tomasic or to the North Central Regional Jail."

Request 28 seeks "a copy of all documents or other tangible things, including, but not limited to correspondence, memoranda, photographs and reports, provided by Senator Robert Byrd, Senator John Rockefeller, Senator Byrd's staff or Senator Rockefeller's staff to you or to John Tomasic which relate in any manner to Michael Tomasic or to the North Central Regional Jail."

Request 29 seeks "a copy of all documents, including but not limited to correspondence, memoranda, photographs and reports, provided by you or by John Tomasic to any member, agent, representative or employee, including elected official or appointed official, of the federal government or of any federal governmental agency which relate in any manner to Michael Tomasic or to the North Central Regional Jail."

Request 30 seeks "a copy of all documents, including but not limited to correspondence, provided to you or to John Tomasic by any member, agent, representative or employee, including elected official or appointed official, of the federal government or of any federal governmental

agency which relate in any manner to Michael Tomasic or to the North Central Regional Jail."

Request 31 seeks "a copy of all documents or other tangible things, including, but not limited to correspondence, memoranda, photographs and reports, provided by you or by John Tomasic to Governor Joe Manchin or any member of Governor Manchin's staff which relate in any manner to Michael Tomasic or the North Central Regional Jail."

Request 32 seeks "a copy of all documents or other tangible things, including, but not limited to correspondence, memoranda, photographs and reports, provided to you or to John Tomasic by Governor Joe Manchin or any member of Governor Manchin's staff which relate in any manner to Michael Tomasic or the North Central Regional Jail."

In response to each of the foregoing Requests, Plaintiff stated that she was not in possession of the documents; that they were stolen from her home; that she filed a police report; and that "[a]ny copies of such information will need to be requested from the FBI." In supplemental responses Plaintiff stated that an FBI investigation is ongoing; that production would interfere with the investigation; and that the Court should protect the information.

Upon consideration of all which, the Court **GRANTS** Defendants' Motion to Compel regarding Requests 25 through 32. To the extent Plaintiff now has copies of the documents, she shall produce them on or before June 30, 2008. The Court finds that Plaintiff is being requested to provide things (documents) she supplied to others. The Court further finds that she has the ability and right to request from those she provided documents and things to return or provide her with copies of the same. Accordingly, the Court concludes that she has constructive control and the right of possession of the things and documents she provided to others within the meaning of Rule 34. Accordingly, Plaintiff shall also produce any such responsive documents she may later receive, within thirty (30) days of receipt of the documents, except if the 30-day time frame does not allow for the proper

completion of discovery as contemplated in the court's Scheduling Order, the documents shall be produced as soon as possible.

Defendants contend that Plaintiff's responses to requests 38, 41 and 46 are improper because Plaintiff objected without providing a privilege log.

Request 38 seeks "a copy of all documents, including, but not limited to correspondence, memoranda, photographs and reports, provided to you, to John Tomasic by any current or former inmate at the North Central Regional Jail, which relate in any manner to Michael Tomasic or to the North Central Regional Jail."

Plaintiff responded: "See Response to Request No. 37." In her supplemental response, Plaintiff states: "See Plaintiff's Supplemental Privilege Log and documents attached hereto."

The Court **GRANTS** Defendant's Motion to Compel regarding Request 38, subject to receipt and entry of the Court's previously announced protective order.

Request 41 seeks "a copy of all documents, including but not limited to correspondence, memoranda, notes, manuscripts or other writings, provided to you or to John Tomasic by Robert Wilson."

Plaintiff responded: "See Response to Request No. 37." In Plaintiff's supplemental response, Plaintiff stated: "See documents attached hereto."

Defendants's Motion to Compel regarding Request 41 is **DENIED as Moot** subject to Plaintiff's duty to supplement.

Request 46 seeks "a copy of all documents or other tangible things which support your contention that prior to September 29, 2005, incidents of violence had been committed by correctional officers against inmates at the North Central Regional Jail."

Plaintiff objected stating the documents were protected under Rule 26 because they were

prepared in anticipation of trial as attorney work product and their disclosure would endanger person or persons involved. She also says the matter is under investigation by the FBI and disclosure would interfere with an ongoing criminal investigation.

Upon consideration of all which, the Court **GRANTS** Defendants' Motion to Compel regarding Request 46, to the extent it covers incidents within the last ten (10) years, and subject to receipt and entry of the Court's previously-announced protective order. Plaintiff shall serve any responsive documents on or before June 30, 2008. Plaintiff shall serve any documents she subsequently obtains within thirty (30) days of such documents coming into her custody and control, except where the 30-day time frame would not permit the proper completion of discovery within the court's Scheduling Order, the documents shall be produced as soon as possible.

At the conclusion of the hearing, counsel for Defendants raised an issue regarding Plaintiff's supplemental response to Interrogatory No. 4. In that supplemental response, Plaintiff informed Defendants that counsel for Plaintiff had sought records from the Harrison County Circuit Clerk's Office but was advised that Michael Tomasic was involved in three separate probationary criminal cases in Harrison County between 2000 and 2002, and was further advised that those records were considered mental health records and were sealed.

The Court first notes that this issue was raised for the first time at the hearing and is therefore not properly before the Court. Nevertheless, if the parties can reach an accord with regard to an order similar to those contemplated during the hearing regarding records, the Court will review the proposed order. If upon review the Court finds it appropriate to enter, it will do so. If not, it will so inform the parties.

For docketing purposes, Defendants' Motion to Compel Plaintiff to Provide Documents in Response to Request for Production of Documents [Docket Entry 57] and Defendants' Motion to

Compel Plaintiff's Answers to Defendants' Interrogatories 10 through 17 [Docket Entry 60] are

**GRANTED IN PART AND DENIED IN PART**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: June 4, 2008

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE