IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KATHERINE A. HOOVER, as the
duly appointed Administrator of
the Estate of Michael Tomasic,
deceased,
        Plaintiff,

vs.                                  Civil Action No. 1:07CV47
                                          (Judge Keeley)

GEORGE TRENT, Administrator,
North Central Regional Jail, et al,
        Defendants.

## ORDER/OPINION

This matter is before the undersigned United States Magistrate Judge pursuant to "Defendants' Motion to Compel Plaintiff to Provide Documents in Response to the Second Request for Production of Documents" [Docket Entry 126] filed September 19, 2008. Plaintiff did not file a response to the motion. The case was referred to the undersigned on April 14, 2008, by United States District Judge Irene M. Keeley for selected pretrial development, including the instant motion.

Defendants assert they served their Second Request for Production of Documents on July 21, 2008. Their motion contains a certification that they conferred in good faith with counsel for Plaintiff by telephone as well as by letter with no resolution.

Defendants assert in their motion:

> It is counsel's understanding that a representative of the plaintiff, Katherine Hoover, had a video camera in operation on July 18, 2008, at the John Tomasic deposition, which video camera was used to film counsel for the defendants and those individual defendants that were then present at the John Tomasic deposition.

(Defendant's Motion at p.3).

The first Request for Production seeks: "... a copy of all images, photographs, videos, whether digital, analog, motion or still, of any employee or representative of the West Virginia Regional Jail

and Correctional Facility Authority as recorded, captured, taken or documented on July 18, 2008."

Requests 2, 3, and 4 sought images of any employee of the West Virginia Regional Jail and Correctional Facility Authority or of any individual defendant taken on days other than July 18, 2008, together with audio recordings of any employee of the West Virginia Regional Jail and Correctional Facility Authority or any individual defendant taken on any date other than July 18, 2008. (See Attachment A to Defendant's Motion)

In response to the Requests, Plaintiff referred Defendants to "attached video of John Tomasic's deposition." (Id.)

Defendants argue that the production of John Tomasic's deposition video is not responsive to Request No. 1, as Tomasic is neither an employee nor representative of the West Virginia Regional Jail and Correctional Facility Authority. They further argue that Plaintiff's responses to Requests 2, 3, and 4 are likewise not responsive because Tomasic is not a defendant, and his deposition was taken on July 18, 2008, not on "days other than July 18, 2008."

The Court notes that Plaintiff did not respond that no such videos existed. The Court further notes that Plaintiff has not responded to the Motion to Compel.

Upon consideration of all which, the Court **GRANTS** "Defendants' Motion to Compel Plaintiff to Provide Documents in Response to the Second Request for Production of Documents" [Docket Entry 126].

Within ten (10) business days of entry of this Order, Plaintiff shall produce:

1. "[A] copy of all images, photographs, videos, whether digital, analog, motion or still, of any employee or representative of the West Virginia Regional Jail and Correctional Facility Authority as recorded, captured, taken or documented on July 18, 2008;"
2. "[A] copy of all images, photographs, videos, whether digital, analog, motion or still, of any

individual defendant in this action as recorded, captured, taken or documented at any time or place;"

3. "[A] copy of any audio recording, in any fashion or type, of any individual employed by the West Virginia Regional Jail and Correctional Facility Authority, regardless of whether transcribed or not and regardless of whether the subject of the audio recording consented to said recording or not;" and

4. [A] copy of any audio recording, in any fashion or type, of any individual defendants, regardless of whether transcribed or not and regardless of whether the subject of the audio recording consented to said recording or not."

Pursuant to Fed. R. Civ. P. 37(a)(4), Defendants are directed to serve and file a detailed accounting of reasonable costs and attorney's fees associated with bringing this motion within fifteen (15) business days of entry of this Order. Should Defendants file an accounting of costs and fees, Plaintiffs shall file any objection thereto within fifteen (15) business days of service and filing of such accounting. The Court shall schedule an opportunity for the parties to be heard regarding costs and fees associated with bringing the motion, only if both an accounting and objection are filed in the time frames specified.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: October 9, 2008

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE